ROBERT PETROKOFSKY
Attorney at Law
Bar No. 97072
895 Dove Street, Third Floor
Newport Beach, CA 92660
(714) 384-6542 (Phone)
(714) 384-65431959 (Fax)
newportbeachlaw@earthlink.net (e-mail)

Attorney for Plaintiff, Don Congrove dba Congrove Construction

FILED
2008 JUL -3 AM 11:09
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'08 CV 1191 H LSP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CONGROVE dba CONGROVE CONSTRUCTION,<br><br>            Plaintiff,<br><br>     vs.<br><br>WESTERN MESQUITE MINES, INC.,<br><br>            Defendant. | CASE NO.<br><br>COMPLAINT FOR:<br>1. BREACH OF WRITTEN CONTRACT<br>2. COMMON COUNT FOR SERVICES RENDERED<br>3. UNJUST ENRICHMENT<br>4. FORECLOSURE OF MECHANIC'S LIEN<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Don Congrove dba Congrove Construction ("Plaintiff"), alleges:

### JURISDICTION

1. This action is brought and jurisdiction is proper in this Court under and pursuant to the provisions of 28 *U.S.C.* § 1332.

2. Plaintiff is an individual and a citizen of the State of Arizona.

3. Defendant, Western Mesquite Mines, Inc. ("Defendant"), is a corporation formed under the laws of the State of Nevada, with its principal place of business in the State of California, and a citizen of the States of Nevada and California.

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Congrove/Complaint
7/2008

1

ORIGINAL

## VENUE

5. Venue is proper in the Southern District of California pursuant to 28 *U.S.C.* § 1391(b), in that the acts or omissions on which the claim is based, or a substantial part thereof, occurred in such District, and, further, in that the property which is the subject of the claim is located in such District.

## PARTIES

6. At all times relevant hereto, Plaintiff owned and did business as "Congrove Construction," and had valid Class B (General Building Contractor) and Class C-8 (Concrete) licenses issued by the California Contractors State License Board to him under such business name.

7. Plaintiff is informed and believes, and upon that basis alleges, that Defendant is, and at all times relevant hereto was, the owner or reputed owner of certain improved real property located at 6502 East Highway 78, Brawley, Imperial County, CA 92227, Assessor's Parcel No. 739-330-002 (the "Property"), on which Defendant operates an open pit mine known as Western Mesquite Mine.

## GENERAL ALLEGATIONS

8. On or about August 8, 2007, Plaintiff (under the name "Congrove Construction") entered into an agreement (the "Agreement") with Defendant pertaining to a construction project on the Property. The general terms of the Agreement were memorialized in a document titled "Management Representative Agreement Between Western Mesquite Mine and Congrove Construction," which was executed on behalf of Plaintiff and Defendant. Under the Agreement, Congrove Construction was to provide management services to Defendant for a period of up to six months in connection with a construction project on the Property and was to act as Defendant's management representative to monitor the subcontractors for compliance with the Defendant's instructions, plans, and specification; Defendant was to furnish Congrove Construction with, among other things, all engineering designs, all plans, and five complete sets

of drawings for each for the improvements; and Defendant was to be compensated for its services by payment to it of the following sums: $230,000, of which $46,000 was for mobilization costs; plus 3% of the project budget (which was initially scheduled for $4,000,000, but was subsequently increased to $4,630,000 - which the parties agreed at the time of the increase was a more accurate figure and would be the amount from which savings would be based); plus 50% of any cost savings for the project achieved for the project.

9. On or about August 19, 2007, Congrove Construction commenced its services at the Property.

10. Plaintiff has performed all conditions and covenants required of Congrove Construction under the terms of the Agreement, except for those conditions and/or covenants, if any, which were precluded or otherwise excused due to Defendant's material breach of contract and/or due to other lawful excuse.

11. Plaintiff is informed and believes, and upon that basis alleges, that Congrove Construction achieved cost savings for the construction project in the amount of approximately $701,536.56.

12. On October 26, 2007, Defendant unilaterally terminated the services of Congrove Construction for the construction project without proper cause.

13. Defendant paid Plaintiff a total of $91,000, for the mobilization cost and services of Congrove Construction.

14. Defendant has failed to pay any additional monies owing under the Agreement, despite demand therefor.

### FIRST CLAIM FOR RELIEF
### [Breach of Contract]

15. Plaintiff incorporates, by reference, Paragraphs 1 through 14, of this Complaint as though fully set forth herein.

16. Defendant has materially breached the Agreement by failing to provide complete plans in a timely manner, by wrongfully terminating Congrove Construction's services on the

construction project, and by failing to pay monies owing to Congrove Construction under the Agreement.

17. As a direct and foreseeable result of Defendant's material breach of the Agreement, Plaintiff has been damaged in the principal amount estimated to be $576,086.72, plus prejudgment interest thereon.

## SECOND CLAIM FOR RELIEF

### [Unjust Enrichment]

18. Plaintiff incorporates, by reference, Paragraphs 1 through 17, of this Complaint as though fully set forth herein.

19. Plaintiff is informed and believes, and upon that basis alleges, that by reason of the foregoing, Defendant has been unjustly enriched in the principal amount estimated to be $576,086.72, plus prejudgment interest thereon.

## THIRD CLAIM FOR RELIEF

### [Common Count for Services Rendered]

20. Plaintiff incorporates, by reference, Paragraphs 1 through 7, of this Complaint as though fully set forth herein.

21. Plaintiff is informed and believes, and upon that basis alleges, that there is due and owing by Defendant to Plaintiff, the principal sum of $576,086.72, plus pre-judgment interest thereon, for services rendered by Plaintiff to Defendant at the request of Defendant.

22. No part of the above amount has been paid, despite demand therefor, and Plaintiff is informed and believes, and upon that basis alleges, that there remains due and owing by Defendant to Plaintiff, the principal sum of $576,086.72, plus pre-judgment interest thereon.

## FOURTH CLAIM FOR RELIEF

### [Foreclosure of Mechanic's Lien]

23. Plaintiff incorporates, by reference, Paragraphs 1 through 14, inclusive, of this

Complaint as though fully set forth herein.

24. Plaintiff is informed and believes, and upon that basis alleges, that the reasonable value of the services which Congrove Construction provided to Plaintiff is $523,505.16, after deducting all just credits and offsets and excluding lost profit.

25. The services provided by Congrove Construction were actually used in the work of improvement.

26. Plaintiff is informed and believes, and upon that basis alleges, that the whole of the Property is required for the convenient use and occupation of the work of improvement.

27. On June 11, 2008, a Mechanic's Lien for the sum of $523,505.16, was filed in a timely manner with the Imperial County Recorder on behalf of Plaintiff and recorded as Document No. 2008-016344, which Mechanic's Lien was properly verified by the Declaration of Plaintiff, by Holly Congrove (Plaintiff's attorney-in-fact pursuant to a Power of Attorney).

28. Plaintiff incurred costs for recording the Mechanic's Lien.

WHEREFORE, Plaintiff prays for Judgment in his favor and against Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. Compensatory damages in a principal amount according to proof, but in excess of the minimum jurisdiction of this Court and estimated to be $576,086.72; and

2. Prejudgment interest thereon.

### ON THE SECOND CLAIM FOR RELIEF

1. For the principal sum of $576,086.72; and

2. Prejudgment interest thereon.

### ON THE THIRD CLAIM FOR RELIEF

1. For the principal sum of $576,086.72; and

2. Prejudgment interest thereon.

## ON THE FOURTH CLAIM FOR RELIEF

1. That the Mechanic's Lien be foreclosed, and that judgment be made for the sale of the Property; that the proceeds of the sale be applied in payment of the principal amount owing to Plaintiff on the Mechanic's Lien, plus interest thereon at the legal rate; and that Defendant be barred and foreclosed from all rights, claims, interests, or equity of redemption in the Property and every part of the Property when the time for redemption has passed; and

2. That Plaintiff at his election be permitted to credit bid the amount owing to him and become a purchaser at the foreclosure sale; and

3. If there is a deficiency of proceeds to satisfy the amount owing to Plaintiff, that judgment for the deficiency be entered against Defendant.

## ON ALL CLAIMS FOR RELIEF

1. For Plaintiff's reasonable costs of suit incurred herein.

2. For such other and/or further relief as is just and proper.

Dated: July 2, 2008

ROBERT PETROKOFSKY
Attorney for Plaintiff, Don Congrove
dba Congrove Construction

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: July 2, 2008

*[signature]*
ROBERT PETROKOFSKY
Attorney for Plaintiff, Don Congrove
dba Congrove Construction

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CONGROVE, DON dba CONGROVE CONSTRUCTION | WESTERN MESQUITE MINES, INC.  |
| (b) County of Residence of First Listed Plaintiff  Yuma<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Imperial<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.<br>'08 CV 1191 H LSP |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Robert Petrokofsky, Attorney at Law, 895 Dove Street, Third Floor Newport Beach, CA 92660; (714) 384-6542 | Attorneys (If Known)<br>Orlando B. Foote of Horton, Knox, Carter & Foote, LLP, 509 South Eighth Street, El Centro, CA 92243; (760) 344-2360 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332

Brief description of cause:
Breach of Written Contract; Common Count; Unjust Enrichment; Foreclosure of Mechanic's Lien

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____    DOCKET NUMBER _____

DATE 07/02/2008    SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # 152619    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JAC 7/3/08

```
         UNITED STATES
         DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

       # 152619      - TC

          July 03, 2008
            11:08:06


         Civ Fil Non-Pris
     USAO #.: 08CV1191
     Judge..: MARILYN L HUFF
     Amount.:              $350.00 CK
     Check#.: BC3741



         Total->   $350.00


     FROM: CONGROVE, DON DBA CONGROVE
           CONSTRUCTION VS.
           WESTERN MESQUITE MINES
```