1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11

DON CONGROVE d/b/a CONGROVE
CONSTRUCTION,

                                    Plaintiff,

        vs.

WESTERN MESQUITE MINES, INC.,

                                    Defendant.

**CASE NO. 08-CV-01191-H (LSP)**

**ORDER DENYING
DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S
FOURTH CLAIM FOR RELIEF**

12
13
14
15
16
17
18
19
20
21
22
23
24

        On January 6, 2009, Plaintiff Don Congrove, doing business as Congrove Construction ("Congrove"), filed a first amended complaint ("FAC") against Defendant Western Mesquite Mines, Inc. alleging claims for relief based upon: (1) breach of written contract; (2) unjust enrichment; (3) common count for services rendered; and (4) foreclosure of mechanic's lien. (See Doc. No. 12, FAC)  On January 20, 2009, Defendant filed a motion to dismiss Plaintiff's fourth claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), and a request for judicial notice.  (Doc. No. 15.)  Plaintiff filed a response in opposition on February 9, 2009. (Doc. No. 16.)  Defendant filed a reply on February 23, 2009.  (Doc. No. 17.)

25
26
27

        The Court, pursuant to Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and thus submits the motion on the papers.  For the reasons set forth below, the Court denies Defendant's motion to dismiss the fourth claim for relief.

28
/ / /

**Background**

Plaintiff and Defendant entered into a written contract on August 8, 2007, for Plaintiff to provide management services to Defendant for a period of up to six months in connection with a construction project on Defendant's property, an open pit mine known as Western Mesquite Mine.  (FAC ¶¶ 7–8.)  Under the contract, titled "Management Representative Agreement between Western Mesquite Mine and Congrove Construction," the Plaintiff was to act as Defendant's management representative to monitor the subcontractors for compliance with the Defendant's instructions, plans, and specification.  (Id. ¶ 8.)  Defendant under the Agreement was to provide Plaintiff with all engineering designs, all plans, and five complete sets of drawings for each of the improvements.  (Id. ¶ 8.) Defendant was to compensate Plaintiff $230,000 for management, plus 3% of the project budget (initially scheduled for $4,000,000, later increased to $4,630,000), plus 50% of any cost savings achieved for the project.  (Id. ¶ 8.)  Additionally, Defendant could, and did according to Plaintiff, request Congrove to perform additional services.  (Id. ¶ 8.)

Plaintiff alleges that under the agreement and/or at the request of Defendant, it obtained construction permits; reviewed construction plans and drawings; furnished corrections and design change proposals to the architect and engineers that were used for revision, clarification, and correction of the construction drawings and plans used for the improvements and for value engineering; interfaced with the architect and engineers for clarification and correction of the construction drawings and plans; participated in design change meetings; solicited bids for work by various trades for the construction; determined the scope of work to be bid by various trades and reviewed the bids to determine their sufficiency; qualified, reviewed and made recommendations for approval by Defendant of subcontractor's bids; developed the contractual agreement attachment for Defendant's purchase order agreement and oversaw the execution thereof; ensured proper certificates were on file, such as workman's comp and insurance; determined methods to obtain cost savings in the construction; supervised, managed, directed, and scheduled the construction of the improvements; scheduled, supervised, and interfaced with the trades and their work in construction of the

improvements; monitored and inspected the work done by the trades to be constructed in accordance with the final plans, drawings, and building codes; scheduled and interfaced with building inspectors; prepared and tracked budgets and costs; provided safety meetings and training to the trades and ensured safety procedures were followed; prepared progress and safety reports for Defendant; and attended progress and safety meetings with Defendant. (Id. ¶ 9.)

Plaintiff began performing on the contract on August 19, 2007. (Id. ¶ 12.) According to Plaintiff, Defendant unilaterally terminated Plaintiff's services without proper cause on October 26, 2007. (Id. ¶ 15.) Plaintiff alleges that as a result of Defendant's breach of the contract, Plaintiff has been damaged in the amount of $576,086.72. (Id. ¶ 20.) Plaintiff brought this action seeking to recover those damages, plus prejudgment interest, and for a foreclosure of a Mechanic's Lien on Defendant's property. (Id., Prayer for Relief.)

Plaintiff's fourth claim for relief, the subject of Defendant's motion to dismiss, seeks foreclosure on a Mechanic's Lien for the sum of $523,505.16, filed on June 11, 2008. (Id. ¶ 30.) The lien was placed upon Defendant's real property located at 6502 East Highway 78, Brawley, Imperial County, CA 92227, Assessor's Parcel No. 739-330-002 (the "Property"). (Id. ¶ 7.) In the FAC, Plaintiff alleges that the reasonable value of services which Plaintiff provided to Defendant is $523,505.16. (Id. ¶ 27.) Plaintiff alleges that the services it provided were actually used in the work of improvement upon Defendant's real property and that the whole of the property is required for the convenient use and occupation of the work of improvement. (Id. ¶¶ 28–29.) Plaintiff asserts that the lien was timely filed with the Imperial County Recorder and recorded as Document No. 2008-016344. (Id. ¶ 30.)

Defendant seeks dismissal of this claim for relief under Rule 12(b)(6) on the grounds that Plaintiff is not properly within the class of persons entitled to a Mechanic's Lien and alternatively that the lien was not timely filed. (Doc. No. 15.) Additionally, Defendant requests the Court take judicial notice of the Agreement, a California Preliminary Notice and two corrections and amendments thereto, the Mechanic's Lien, and the Court's Order granting Defendant's motion to dismiss without prejudice Plaintiff's fourth claim for relief, dated

1    December, 10, 2008.  (Doc. No. 15, Exs. 1, 2-A, 2-B, 2-C, 3, 4.)

2    **Discussion**

3    **I.  Legal Standard Motion to Dismiss Pursuant to Rule 12(b)(6)**

4            A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests

5    the legal sufficiency of the claims asserted in the complaint.  Navarro v. Black, 250 F.3d 729,

6    731 (9th Cir. 2001).  A complaint generally must satisfy only the minimal notice pleading

7    requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule

8    12(b)(6) motion.  Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires that

9    a pleading stating a claim for relief contain "a short and plain statement of the claim showing

10   that the pleader is entitled to relief."  The function of this pleading requirement is to "give the

11   defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Conley v.

12   Gibson, 355 U.S. 41, 47 (1957).  "While a complaint attacked by a Rule 12(b)(6) motion to

13   dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

14   'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

15   formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.

16   Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007).  "Factual allegations must be

17   enough to raise a right to relief above the speculative level."  Id. at 1965 (citing 5 C. Wright

18   & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).  "All

19   allegations of material fact are taken as true and construed in the light most favorable to

20   plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient

21   to defeat a motion to dismiss for failure to state a claim."  Epstein v. Wash. Energy Co., 83

22   F.3d 1136, 1140 (9th Cir.1996); see also Twombly, 127 S.Ct. at 1964–65.

23           "Generally, a district court may not consider any material beyond the pleadings in ruling

24   on a Rule 12(b)(6) motion."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542,

25   1555 n .19 (9th Cir.1990). The court may, however, consider the contents of documents

26   specifically referred to and incorporated into the complaint, and whose authenticity is not

27   challenged. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994), overruled on other grounds

28   by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).  A court may also

consider documents "the authenticity of which is not contested" and on which the complaint "necessarily relies," even if not explicitly referred to in the complaint  Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006).  In addition, a court ruling on a motion to dismiss may consider facts that are subject to judicial notice under Federal Rule of Evidence 201. A district court may take judicial notice of matters of public record, but cannot use this rule to take judicial notice of a fact that is subject to "reasonable dispute" simply because it is contained within a pleading that has been filed as a public record.  Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir.2001).

The Court grants Defendant's request to consider the Agreement, the California Preliminary Notice and corrections and amendments thereto, the Mechanic's Lien documents, and the Court's own record in this case.  (See Doc. No. 15 Exs. 1, 2-A, 2-B, 2-C, 3, 4.) Plaintiff has not contested the authenticity of any of these documents, and the complaint explicitly references the Agreement and the Mechanic's Lien.  Plaintiff does contest the effect of the Agreement. (Doc. No. 16 at 7.)  Thus, although the Court may consider the Agreement, because Plaintiff contests the effect of the contract, the contract alone "may not resolve the relevant issues in the context of a motion to dismiss."  Sgro v. Danone Waters of North Am., Inc., 532 F.3d 940, 943 n.1 (9th Cir. 2008).  Plaintiff's fourth claim for relief for foreclosure of the Mechanic's Lien necessarily relies on the California Preliminary notice pursuant to California Civil Code section 3097, even if not specifically referenced in the FAC.  The Court has also previously taken judicial notice of the permit application, as its authenticity is not disputed by Defendant and the document is a matter of public record, filed with the Building and Planning Department of the County of Imperial.  (See Doc. No. 11 at 4.)  Thus, it is proper for the Court to consider these documents in the resolution of Defendant's motion to dismiss.

### A.  Plaintiff's Claimant Status under Section 3110

"A mechanic's lien is a procedural device for obtaining payment of a debt [owed] by a property owner for the performance of labor or the furnishing of materials used in construction." Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc., 102

Cal.App.4th 765, 774, fn. 11 (Cal Ct. App. 2002).  It is a lien on real property given to persons specified by statute who have performed labor or bestowed skill or furnished materials or equipment contributing to improvement of the property at the request of the owner or a person under the owner's authority.  CAL. CIV. CODE §§3110, 3112.  California Civil Code section 3110 defines those entitled to a Mechanic's Lien and includes:

> Mechanics, materialmen, contractors, subcontractors, lessors of equipment, artisans, architects, registered engineers, licensed land surveyors, machinists, builders, teamsters, and draymen, and all persons and laborers of every class performing labor upon or bestowing skill or other necessary services on, or furnishing materials or leasing equipment to be used or consumed in or furnishing appliances, teams, or power contributing to a work of improvement . . .

Defendant contends that Plaintiff is not a member of the class of persons who is entitled to a Mechanic's Lien, and thus Plaintiff's fourth claim for relief is legally insufficient.  (Doc. No. 15 at 7.)  Essentially, Defendant argues that Plaintiff provided services to the manager of the construction project, and did not furnish labor or materials that added value to the property. (Id. at 10.)

The status of claimant under section 3110 may be given to those who physically labor on the actual job site and can include persons who furnish laborers to the job site.  Primo Team, Inc. v. Blake Constr. Co., 3 Cal.App.4th 801, 807 (Cal. Ct. App.1992) (citations omitted).  However, those who only supervise the laborers or advance funds for the improvement may not be entitled to claimant status under section 3110, as these services "provide support solely to the work force and/or the employer rather than the work of improvement itself . . .."  Id. at 807–11; see also Sweet v. Fresno Hotel Co., 174 Cal. 789 (Cal. 1917).  The California Supreme Court in Sweet held that a contract for Sweet to pay wages to laborers and act as superintendent of the work on a construction project did not entitle Sweet to claimant status, as Sweet was not the laborers' employer, Sweet was not performing labor on the building, and the defendant was in charge of hiring and firing the laborers, not Sweet.

1   <u>Sweet</u>, 174 Cal. at 795.

2          The Court denies Defendant's motion to dismiss Plaintiff's fourth claim for relief based

3   upon Plaintiff's claimant status.  Although Plaintiff's primary role appears to be supervisory,

4   Plaintiff sufficiently alleges in its FAC that it was listed as the contractor on the building

5   permit application and that it provided services that bestowed skill or other necessary services

6   to be used in the construction of a building.  (FAC ¶¶ 9, 10.)  Although title or vocation alone

7   does not entitle one to a mechanic's lien, Plaintiff alleges in the FAC that it furnished

8   corrections and design change proposals to the architect and engineers that were used for

9   revision, clarification, and correction of the construction drawings and plans used for the

10  improvements and for value engineering.  (FAC ¶ 9.)   At the pleading stage, this is enough

11  to meet the <u>Twombly</u> standard that Plaintiff provided services that were actually used in the

12  construction of the building, as Plaintiff alleges it provided design changes that were

13  implemented in the construction.  <u>See</u> <u>Twombly</u>, 127 S.Ct. at 1964–65; <u>D'Orsay Intern.</u>

14  <u>Partners v. Superior Court</u>, 123 Cal.App.4th 836 (Cal. Ct. App. 2004) (holding contractor not

15  entitled to Mechanic's lien for design services because actual work had not commenced, not

16  because contractor did not possess claimant status for provision of design services.) This

17  allegation goes beyond a mere supervisory role in managing the project and asserts that

18  Plaintiff's services were actually used on the work of improvement.

19  **B.  Timeliness of Filing of Lien**

20          Defendant also attacks Plaintiff's fourth claim for relief on the ground that Plaintiff's

21  filing of the lien with the Imperial County Recorder's Office was untimely.  (Doc. No. 15 at

22  12.) California Civil Code section 3115 provides the time frame in which a person must record

23  his claim of lien:

24          Each original contractor, in order to enforce a lien, must record his claim of lien

25          after he completes his contract and before the expiration of (a) 90 days after the

26          completion of the work of improvement as defined in Section 3106 if no notice

27          of completion or notice of cessation has been recorded, or (b) 60 days after

28          recordation of a notice of completion or notice of cessation.

Section 3106 defines "work of improvement" as "the entire structure or scheme of improvement as a whole." Thus, Plaintiff had 90 days after completion of the entire improvement on Defendant's property to file a claim of lien, not 90 days after termination of Plaintiff's services by Defendant.

Plaintiff alleges, and the Mechanic's Lien states, the claim of lien was timely filed on June 11, 2008. (FAC ¶ 30; Doc. No. 15 Ex. 3.) Plaintiff alleges that the Agreement was terminated by Defendant on October 26, 2007 and that Plaintiff received a letter of termination on October 30, 2007. (FAC ¶12.) Plaintiff further alleges that the lien was recorded before the expiration of 90 days after the completion of the work of improvement and that no notice of completion or cessation was recorded. (Id. ¶ 32.) Plaintiff has sufficiently alleged that it timely recorded the claim of lien, as it alleges it recorded it after completion of the contract between Plaintiff and Defendant and before the expiration of 90 days after completion of the work of improvement. Defendant has not submitted any evidence the Court may consider that demonstrates when the work of improvement was completed, and therefore when the 90 day period was triggered, that would establish Plaintiff's filing was untimely. Thus, Plaintiff has satisfied the Twombly standard with respect to the timeliness of its recording of the claim of lien. See Twombly, 127 S.Ct. at 1964–65.

**Conclusion**

Based on the reasons set forth above, the Court DENIES WITHOUT PREJUDICE Defendant's motion to dismiss.

**IT IS SO ORDERED.**

DATED: February 26, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.

- 8 -                                                                                         08cv1191